```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN GREEN, Executrix of the Estate of        :
WALTER GREEN, deceased, and ALIXANDRA   :
GREEN,                                                              :
                                                                            :
                                        Plaintiffs,             :    01 Civ. 1996 (RMB)
                                                                            :
                        -against-                                 :    **ORDER**
                                                                            :
CITY OF NEW YORK and PAUL GIBLIN,        :
                                                                            :
                                        Defendants.           :
------------------------------------------------------------X

      Upon the record and prior proceedings herein, including without limitation the motions <u>in limine</u> filed by the City of New York and Paul Giblin (collectively, "Defendants") on or about May 29, 2007, the responses and cross-motions filed by Susan Green, Executrix of the Estate of Walter Green, and Alixandra Green (collectively, "Plaintiffs") on or about May 29, 2007 and June 8, 2007, respectively, the declaration from Defendants dated July 5, 2007 and from Plaintiffs dated July 6, 2007; and the Court having heard oral argument on July 3, 2007, regarding Defendants' motions (1) to dismiss the claims of Alixandra Green against Defendants for assault and battery under New York State law for failure to serve a timely notice of claim pursuant to New York General Municipal Law §§ 50-e(2) and 50-i(1); and (2) to find as a matter of law that Paul Giblin is entitled to qualified immunity for all claims against him; the Court finds the following:

    (1)    Alixandra Green's claims against Defendants for assault and battery under New York State law are hereby dismissed for failure to serve a notice of claim "within one year and ninety days after the happening of the event upon which the claim[s] [are] based," as a condition precedent to suit under New York General Municipal Law §§ 50-e(2) and 50-i(1). (See 7/3/2007

Transcript, where it is conceded that Alixandra Green did not serve a notice of claim; see also Plaintiffs' Supplemental In Limine Submission, dated July 6, 2007). Plaintiffs' argument that the notice requirement does not apply because Alixandra Green was an infant at the time of the events at issue is unpersuasive. See Harris v. City of New York, 297 A.D.2d 473, 475, 747 N.Y.S.2d 4, 6 (1st Dep't 2002) ("the policy considerations involved in tolling an infant's action . . . are quite different from those requiring prompt notice of claim. We are not cited to any case where an infancy toll was applied to relieve the claimants of pre-action notice of claim"); see also Am. Tel. & Tel. Co. v. New York City Dep't of Human Res., 736 F. Supp. 496, 499 (S.D.N.Y. 1990) ("[n]otice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action").

Defendants have not waived this argument by not including it in their motion for summary judgment dated July 23, 2003. See Kroin v. City of New York, 210 A.D.2d 95, 96, 620 N.Y.S.2d 339, 340 (1st Dep't 1994) ("[w]hile a municipal corporation may, by its conduct, waive an irregularity in the notice of claim, the requirements as to the manner or time of service may not be so waived"); see also Green v. City of New York, 465 F.3d 65, 85 (2d Cir. 2006) (Defendants "remain free to raise alternative grounds in district court").

(2)  Defendants' motion to determine that Paul Giblin is entitled to qualified immunity is denied without prejudice. Defendants may renew such motion prior to submission of the case to the jury. See Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003) ("qualified immunity is in essence a legal decision whether on the basis of the law as it existed at the time of the particular incident, the lawfulness of the officer's conduct was reasonably clear or was a matter of doubt"); Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007) ("[a]s the facts underlying [defendant's] qualified

2

immunity defense remained in dispute, the district court properly allowed the case to proceed to trial").

**Order**

For the reasons stated herein, the Clerk is respectfully requested to dismiss Alixandra Green's claims against all Defendants and to delete Alixandra Green from the caption going forward.

Dated: New York, New York
       July 6, 2007

_____
RICHARD M. BERMAN, U.S.D.J.